# Edinboro' Academy *versus* Robinson.

*Voluntary Subscription.—Proper Organization of Associations.—
Amendment after Appeal.*

1. The subscribers to a fund for the erection of an academy, become an association of persons, united for contributing to a common fund for a common purpose, as soon as the stipulated amount of money has been subscribed; which act of association involves an agreement to organize for the purpose contemplated.

2. Each subscription is a contract by each associate with his fellows, in consideration of similar contracts by them, to contribute to the common fund the amount subscribed.

3. The first duty of such an association is that of organization, which, when completed, raises the duty on the part of each subscriber to pay the sum subscribed.

4. The most perfect form of organization, in a legal aspect, is a legal incorporation, which, when regularly accomplished, must be regarded as the true and only organization to which the subscriptions are to be paid, and is the proper legal party to demand and enforce their payment.

5. In such cases actions should be brought in the name of the corporation; but, if the names of the trustees have been added, the court may amend, so as to let the plaintiff appear in its simple corporate name.

ERROR to the Common Pleas of *Erie county.*

This was an action brought by Prentiss Burlingham and others, "trustees of Edinboro' Academy," against Alva Robinson, to recover an instalment on his subscription of $50 to the following paper:—

"We the undersigned, citizens of Edinboro' and vicinity, feeling the necessity of an institution of learning in our midst, affording greater advantages for education than common schools, do hereby agree to pay R. W. Gerrish, Prentiss Burlingham, Josiah J. Compton, Alfred Green, I. R. Taylor, William Proud, and Nelson Clute, trustees for the purpose, the sums severally subscribed by each of us, for the purpose of erecting a building in the borough of Edinboro' aforesaid, to be used as an academy or institution of learning; said trustees to act until the sum of $3000 is subscribed for the purpose aforesaid, and when so subscribed, public notice to be given of that fact and of the time and place of organization of said stockholders, by choosing the necessary and usual officers to carry into effect the design of the subscribers. No payments to be made until the sum of $3000 *bonâ fide* subscription is made; and when paid, to be in 'quarterly yearly' payments."

The $3000 subscription was completed some time in 1856, and on the 30th of December 1856, five of the trustees named in the paper gave notice of a meeting to be held on the 5th of January

[Edinboro' Academy v. Robinson.]

1857, for the purpose of choosing seven trustees to serve for the ensuing year.

On the 5th day of May 1856, the Edinboro' Academy was incorporated by the Court of Common Pleas of Erie county, which charter of incorporation directed that in all elections, each share of stock ($5) should entitle the holder to a vote. The election of January 5th 1857 seems to have been held under the provisions of the act of incorporation.

There were 33 voters, and 163 votes cast. The election resulted in the choice of the plaintiffs in this suit. The meeting did not vote for, or in any way formally adopt the charter of incorporation.

Many of the subscribers were opposed to the charter as the basis of organization, and, on the 14th of February 1857, three of the trustees named in the subscription-paper, gave notice of a meeting for organization on the 21st of February 1857, at which meeting seven trustees were elected, who also organized and undertook to collect the subscriptions. The charter organization obtained possession of the subscription-paper, collected money, selected a site, and erected buildings, and brought this suit against the defendant after notice given.

The defence was, that the incorporation of "The Edinboro' Academy" by the court, without the assent of the defendant, released him from his subscription. The evidence on the part of the plaintiff was the subscription-paper with the signature of the defendant; that $3000 was subscribed in good faith; and that a meeting of subscribers was called on due notice, the association incorporated, and trustees elected. On the part of the defendant, evidence of another organization under articles of association, in which the defendant and thirty-two other subscribers participated, was given and admitted.

The court instructed the jury that the real plaintiff in the case was "The Edinboro' Academy," in the incorporation of which the defendant did not participate, and that as, between that institution in its corporate right, and the defendant, there existed no privity of contract, the suit could not be sustained. The jury, accordingly, found for the defendant, and judgment having been entered on the verdict, the plaintiff removed the case into this court, and assigned for error the following matters :—

I. The court erred in answering the plaintiffs' first point in the negative, which was—

1. That if the jury find from the evidence that the defendant signed the subscription-paper given in evidence, and thereby promised to pay to E. W. Gerrish, Prentice Burlingham, Isaac R. Taylor, William Poud, Josiah J. Compton, Alfred Green, and Nelson Clute, trustees for the purpose of erecting a building in the borough of Edinboro', to be used for an academy or institu-

tion of learning, the sum of $50; that the said trustees were to act until the sum of $3000 was subscribed for that purpose; that that sum was subscribed—that the defendant's subscription of $50 constituted part of the $3000—that thereafter, in pursuance of a provision in the paper so subscribed, public notice was given of the fact that $3000 had been subscribed, and of the time and place of organization of the stockholders—that at the time and place of which such notice was given the stockholders met and organized and elected the plaintiffs in this suit trustees; then, and in that case the plaintiffs can sustain this suit, to recover an instalment of the $50 due when the suit was instituted.

II. The court erred in answering the plaintiffs' second point in the negative, which was as follows:

2. That this action being in the name of the persons elected trustees at a meeting of the subscribers called for the purpose, in pursuance of the provisions of the subscription paper signed by the defendant, the plaintiffs are entitled to recover in this suit, and the plaintiffs, if they are not the proper persons to collect and disburse the money collected, will be trustees for those who are legally entitled to it.

III. The court erred in answering the plaintiffs' third point in the negative, which was as follows:

3. That if the defendant signed the subscription-paper given in evidence, it is no defence that the association contemplated by that paper was subsequently incorporated by the Court of Common Pleas of Erie county after due public notice, if the defendant did not object to the incorporation of the association, and if the object of the incorporation was substantially to effect the same purpose that was contemplated by the subscription-paper signed by him, and his interests were not affected or his responsibility increased by the act of incorporation.

IV. The court erred in not giving distinct and separate answers to each of plaintiffs' three points.

V. The court erred in charging that, "although some of the persons named as plaintiffs were made payees in the subscription-paper, yet they are not necessarily named, but are so by surplusage; that the real plaintiff is The Edinboro' Academy, between whom, in its incorporate right, and the defendant there exists no privity of contract—we think they cannot sustain this suit."

*Kelso* and *Walker*, for plaintiff, cited and relied on Chambers *v.* Calhoun, 6 Harris 13; Philips *v.* Jones, 8 Id. 260.

*Church* and *Marshall*, for defendant, argued that the defendant could not be made a member of a corporation without his con-

[Edinboro' Academy v. Robinson.]

sent, citing Lauman v. Lebanon Valley Railroad Co., 6 Casey 46; Witmore v. Schlatter, 2 Rawle 364. There was no privity between the corporation and defendant: Turnpike Co. v. Philips, 2 Penn. Rep. 184–196; Claghorn v. Culler, 1 Harris 133; Ang. & Am. on Corporations, § 537; 8 Mass. 288; 5 Hill 383; 27 Miss. 517; Phil. Law Jour. vol. 14, No. 18, p. 137; 10 Mass. 384–390; 7 Barbour (N. Y. Rep.) 157; 15 Pick. 351; 1 Am. Law Reports 161–4.

The opinion of the court was delivered, October 25th 1860, by Lowrie, C. J.—So soon as this subscription-paper became complete by the subscription of the stipulated amount of money, the subscribers to it became an association of persons united for contributing to a common fund for a common purpose, to be carried out by themselves. Then the subscription of each (at least if not withdrawn before the actual organization of the associates) became a contract by each associate with his fellows, in consideration of similar contracts by them, to contribute to the common fund the amount subscribed by him.

Such an act of association involves an agreement to organize the associates when the subscription shall be complete, and in the present case this is expressly provided for. The duties created by the act of subscription, are duties to the association, and the first of them that is to be performed is the duty of organization; and when this is complete, the duty of paying the sum subscribed is a duty to the organized association. In a legal aspect, the most perfect form of organization is by legal incorporation, and, therefore, this, when regularly obtained by the common consent of the associates, must be regarded as the true organization of the association, and the corporation becomes the proper legal body to which the subscriptions are to be paid, and which is to sue for them. There can be but one true organization.

The court below was, therefore, in error in deciding that the action was improperly brought in the name of the association in its corporate form. The decision ought to have been that, if the associates did organize themselves by legal incorporation, then the corporation is the organized association, and is the proper legal party to demand and enforce the payment of the subscriptions.

The question of fact is therefore involved in the true decision: did the associates organize themselves into this corporation called "The Edinboro' Academy?"

The decision of the court below excluded this question, though it is the vital one of the cause. It may not be easily decided, because there is no complete prescribed form for the process of organization. And so it is in the original organization of states,

[Edinboro' Academy v. Robinson.]

and there we take the fact of the existing organism as proof of its legitimacy without inquiring into the regularity of the formative process. And in such a case as this, if we find the associates acting as members of the organism we assume the regularity of its formation as against them.

The only form agreed upon here for the process of organization is, that it shall be by a meeting of the associates held according to notice to be given. If such a meeting was held on reasonable notice, and if, by consent of a majority, the corporate form of organization was adopted or assented to, the corporation is the organized body contemplated by the contract of subscription, and has the right to demand and receive the sums subscribed.

The law rather pardons than approves the naming of the trustees of the corporation as plaintiffs, in such an action before a justice of the peace.

In court, the form ought to be amended so as to let the plaintiff appear in its simple corporate name.

Judgment reversed, and a new trial awarded.

THOMPSON, J., having been of counsel in the case, did not sit at the hearing.