# Philadelphia Motor Speedway Association *v.* Sale, Appellant.

*Corporations—Stock subscription—Corporation of first class — Profits as incident—Parties—Contract—Consideration.*

Where a person enters into a subscription contract with another person designated as the treasurer of an association, in contemplation of the organization of a corporation to maintain a speedway track, and for other social and athletic purposes, and it is agreed that there shall be a certain number of life memberships, and that each member shall have a share of the profits and enjoy certain privileges, and subsequently a corporation of the first class is organized with the person named in the agreement as treasurer, such corporation may maintain in its own name a suit to recover the stock subscription under the agreement.

In such a case the defendant cannot object that the plaintiff was not the kind of a corporation contemplated by the agreement, inasmuch as (1) the terms of the agreement contemplated a corporation of the first class, and (2) the provision for profits was not inconsistent with a plan of a corporation of the first class; nor can the defendant object that he was led to subscribe by representations as to prospective profits made by the solicitor who obtained his subscription, if it appears that such representations did not amount to an agreement, but at most were a mere expression of opinion; nor can he object that there were not the designated number of bona fide subscribers, because some of the agreements provide for a "share of all profits" and others provided for a "pro rata share of all earnings; nor can he object that the contract was without consideration, inasmuch as each subscription became a contract by each subscriber with the other subscribers in consideration of like contracts by them, and these mutual promises to contribute to a common object formed a valid and sufficient consideration.

Argued Oct. 11, 1917.   Appeal, No. 55, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., July T., 1916, No. 380, on verdict for plaintiff in case of Philadelphia Motor Speedway Association v. Charles S. Sale.   Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit on a stock subscription. Before CRANE, J.

From the record it appeared that the contract was in writing, and was as follows:

"It is hereby understood and agreed that I will pay to Warren M. Cornell, Treasurer of the Philadelphia Motor Speedway Association of Philadelphia, as called for by him, the sum affixed to my signature, upon the following conditions, viz: that my name shall appear as one of the 500 (five hundred), other bona fide subscribers to a limited life membership; said membership if accepted by the organization to guarantee him a share of all the profits, free admission for life, parking privileges for car, right to use the track when not in service, club house privileges, and a return of the full amount at death to my heirs or assigns.

"Membership to be non-transferable except by the consent of the association. I also agree if elected to conform to all the rules and regulations.

"Signed,                          "Witnessed
   "Charles S. Sale.              "$250., J. S. Mather,
                                        "10/27/13."

The evidence is summarized in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Errors assigned* were various instructions.

*E. Clinton Rhoads,* of *Rhoads, Montgomery & Lazowick,* for appellant.—The corporation, The Philadelphia Motor Speedway Association, was not the proper party plaintiff.

A corporation of the first class cannot enter into a valid agreement to share its profits of earnings with its members or subscribers.

There is no valid consideration supporting defendant's agreement.

The 500 agreements upon which plaintiff founded his

583, (1918).]          Opinion of the Court.

claim in this case are not mutual: Goodhart v. Pennsylvania R. R. Co., 177 Pa. 1; Prospect Hill Cemetery Co., 1 Del. Co. 430; First Church of Christ Scientist of Philadelphia, 27 Pa. C. C. R. 661.

*Paxson Deeter,* of *Bell, Trinkle & Deeter,* for appellee. —The corporation was the proper party plaintiff: Edinboro Academy v. Robinson, 37 Pa. 210; Shober v. Lancaster County Park Assn., 68 Pa. 429; Jeannette Bottle Works v. Schall, 13 Pa. Superior Ct. 96.

The fact that the corporation was of the first class was immaterial: Players Nat. League Base Ball Club of Philadelphia, 25 W. N. C. 187; Arts and Crafts Guild of Philadelphia, 20 Dist. Rep. 584.

The defendant claims that there was no consideration for his subscription. Of course, this being a mutual subscription paper, the subscriptions of the others were a consideration for the defendant's promise: Edinboro Academy, 37 Pa. 210.

OPINION BY HENDERSON, J., July 10, 1918:

The plaintiff's action was founded on an agreement in writing in which the defendant obligated himself to pay to Warren M. Cornell, treasurer of the Philadelphia Motor Speedway Association, $250. The contract contained a condition that there should be five hundred bona fide subscribers to life memberships in the association, each of which memberships should entitle the holder to a share of all the profits, to free admission for life to the grounds of the association, to parking privileges for car, right to use the track when not in service, clubhouse privileges and at the death of the member the return of the full amount paid by him, to his heirs or assigns. The memberships were nontransferable except by the consent of the association. The subscriptions were made in contemplation of the organization of a corporation to maintain grounds for a motor speedway track and other social and athletic purposes. A charter for a corporation of

the first class was decreed by the Court of Common Pleas of Bucks County and at a subsequent meeting of subscribers the charter was accepted as the charter of the corporation. The appellant objects to the payment of his subscription and contends (1) that the plaintiff is not the proper party to sue. The evidence shows that Warren M. Cornell was chosen treasurer by the persons who associated themselves to originate and advance the project of forming the organization and after the incorporation of the company he was elected its treasurer. Under such circumstances the corporation was properly made the plaintiff in the action. Cornell was recognized in the subscription as the treasurer of the association and as the subscriptions were made in contemplation of the forming of a corporation the right to the fund subscribed vested in the corporation subsequently formed. The principle involved was decided in Edinboro Academy v. Robinson, 37 Pa. 210; and later in Shober v. Lancaster County Park Assn., 68 Pa. 429. Jeannette Bottle Works v. Schall, 13 Pa. Superior Ct. 96, followed the cases referred to. In view of these adjudications the standing of the plaintiff to maintain the action is not open to controversy. It is contended however, (2) that the plaintiff is not the kind of corporation which the defendant contemplated when he made his subscription, he having in mind a corporation to be formed of the second class. It does not appear in the case that he understood the distinction between corporations of the first and second classes but his allegation is that it was not only a part of the contract that he was to have a share of all profits, but that the solicitor who obtained his subscription represented the profits would be large from which agreement and representation as to profits no other understanding could be had than that a corporation of the second class must be formed. The first reply to this is that the subscription signed by the defendant bears manifest indications that the organization to be formed was one which could only be chartered as a corporation

of the first class. Those interested held life member-
ships which entitled the holders to free admission for
life, to parking privileges for car, to the use of the track,
clubhouse privileges, and return of the full amount sub-
scribed. The memberships could not be transferred ex-
cept by permission of the association. The subscriber
became a member by election and promised to conform
to all rules and regulations. These provisions are de-
scriptive of the relation of the members to a club for
social enjoyment or for an organization established to
maintain a private park for athletic sports all of which
are within the provision for corporations of the first
class. The project has none of the features of a corpora-
tion exclusively for profit if we except the provision that
the holder of membership is guaranteed a share of all
profits. But this provision is not inconsistent with the
plan of a corporation of the first class. There is no pro-
hibition in the statute against the division among mem-
bers of any profits which may incidentally arise from the
administration of a corporation of the first class. The
subject was considered in the application of the Players'
National League Baseball Club of Philadelphia, 25 W.
N. C. 187. All of the judges, HARE, P. J., FELL, J., and
PENNYPACKER, J., announced opinions in which they
held that the incident of profits was not sufficient to pre-
vent the petitioners from organizing a corporation of the
first class. Charters of a similar class have been granted
in many other instances. A second reply with respect to
the representations as to prospective profits said to have
been made to the defendant at the time he made his sub-
scription is that the plaintiff is not bound by such repre-
sentations. They did not amount to an agreement. At
the most it was a mere expression of opinion; a sanguine
expectation. There was no attempt to show that the
subscribers were all subject to the same parol condition
and the defendant can not make such a defense available
in an action by the corporation for his subscription. His
obligation was not only an undertaking with the com-

pany but with all the other subscribers. His contract is tri-lateral and even if fraudulent as between two of the parties it may be enforced for the benefit of the third: Marles Carved Moulding Co. v. Stulb, 215 Pa. 91.
hundred bona fide subscribers. This seems to have been

Another defense set up was that there were not five based on the fact that subscriptions were taken by different persons and that the agreements varied in a slight degree; some of them providing for a "share of all profits" and others a "pro rata share of all earnings." The defendant contends that there is a material difference in these terms and that it can not, therefore, be said that there were five hundred subscribers to the same agreement. No one is contending that the plaintiff is not bound to meet its obligation to the defendant according to the terms of the agreement. Nor can it be successfully contended that the terms are not of the same significance as applied to the undertaking of the parties. The evident meaning was that any fund to be divided was that which remained after the payment of all of the operating charges of the corporation. The case of Goodhart v. Penna. Railroad Co., 177 Pa. 1, to which the plaintiff refers to sustain this part of the defense was a personal injury case in which the earning power of the plaintiff was involved. The distinction which the court drew was between "earnings" and "profits," the former being the fruit or reward of labor; the latter, the net gain made from an investment. But this distinction, there applicable, has no bearing on the defendant's contract. Whether earnings or profits all the holder of the certificate could be entitled to would be his share of the net balance after the payment of the expenses. The court submitted to the jury the inquiry whether the five hundred bona fide subscribers had been obtained and the finding was for the plaintiff on this point. The defense thus presented is, therefore, without merit. It was shown at the trial that the defendant by virtue of his membership acquired all the privileges covered by his

contract and the undertaking of the plaintiff has thus far been complied with.

The contention that the contract is without consideration cannot be sustained. Each subscription became a contract by each subscriber with the other subscribers in consideration of like contracts by them and these mutual promises to contribute to a common object form a valid and sufficient consideration. The opinion of the learned trial judge overruling the motion for judgment non obstante veredicto is sustained by authority and covers the objections presented by the appellant.

The assignments are overruled and the judgment affirmed.