## Pittsburgh Chevrolet Dealers' Application for Charter.

## Hebeler's Appeal.

Argued March 20, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

432

*Roy Rose,* of *Thompson, Rose, Bechman & Dunn,* for appellants, cited: Roofing & Sheet Metal C. Assn. of Phila., 200 Pa. 111; Deutsch Amerikanischer, 200 Pa. 143; Ready to Wear Mfg. Assn. Charter, 5 Pa. D. & C. R. 713.

OPINION BY MR. JUSTICE WALLING, April 15, 1929:

This appeal is from the refusal to grant a charter for a corporation of the first class under the Act of April 29, 1874, P. L. 73, and its supplements. The petition sets out the purpose of the proposed corporation as follows: "The purpose for which this association is formed is to promote a spirit of coöperation among the various Chevrolet dealers who constitute the association and for the encouragement and protection of Chevrolet automobile sales and service in Pittsburgh and to hold meetings at stated periods where the members of the association may meet one another in a body and where by the interchange of views they may be mutually benefited, their trade promoted and the most advantageous methods of bookkeeping, shop management, advertising and other problems applicable to their particular business may be discussed." The court appointed a commissioner who took testimony and reported in favor of granting the charter. From this testimony it clearly appears that the main and practically sole purpose of the proposed corporation is to increase the business and profits of the retail dealers in Chevrolet automobiles in Pittsburgh who may join the same. This to be accomplished by mutual exchange of views as to shop management, bookkeeping, advertising and other problems applicable to their particular business. It is not contended that the corporation will

primarily promote any social, educational, religious, fraternal or other like cause, or benefit the public. The petition fails to disclose under which provision of the statute the charter is applied for. It is suggested, however, that it is within clause 11, section 2: "For the encouragement and protection of trade and commerce." Considering that corporations of the first class are not for profit, this clause must be construed as authorizing the incorporation of associations which are primarily helpful to the trade and commerce of the locality, like civic organizations, rather than to bodies whose chief aim is to increase the business and profits of those engaged in a certain limited branch of an industry who might become its members. For example, under clause 11 a corporation might be chartered to encourage and protect trade and commerce in automobiles by facilitating traffic on public highways. That an incidental income or profit may result from granting a charter of the first class will not warrant its refusal (Phila. Motor Speedway Assn. v. Sale, 69 Pa. Superior Ct. 583, 587; In re National League Baseball Club of Phila., 25 W. N. C. 187), yet, such charter will not be granted where its primary and practically sole purpose is to increase the business and profits of its members, a limited class, while serving no other beneficial purpose, and this is true whether the profits pass through the corporate treasury or directly to the members. The latter is a business corporation belonging in another class and may not be chartered by the court. Corporations of the first class are chartered primarily to serve some worthy purpose, not for profit, although the latter may accrue as an incident; while profit is usually the main motive for securing charters of the second class. This distinction between corporations for profit and those not for profit should be maintained.

Appellant relies on the case of Roofing & Sheet Metal Contractors' Assn. of Phila., 200 Pa. 111. This, however, is not parallel with the instant case as it em-

434

braced the entire business of roofing and sheet metal working in Philadelphia and was open to all those engaged therein, while here the membership is limited to those engaged in a single branch of the retail automobile business in one locality. Furthermore, in the case last above cited, it does not clearly appear that the primary object was the financial gain of the members; the question of profit is not mentioned therein. So far as that case, or anything said therein, may seem to authorize the granting of a charter of the first class to members of a single branch of an industry, primarily for their financial profit, it cannot stand as a sound construction of the statute.

While the section of the statute here involved has not often been construed by the appellate courts, it has by the lower courts and the refusal of the charter in the case at bar is in harmony with the prevailing practice. See Ready-to-Wear Manufacturers' Assn. Charter, 5 Pa. D. & C. 713; Richmond Retail Coal Co. of Phila., 9 Pa. C. C. 172; In re Charter of the Homestead Building Co., 10 Phila. 106, and Master Granite and Blue Stone Cutters' Assn. of Phila., 9 Pa. Dist. R. 357.

The order refusing the charter is affirmed and the appeal is dismissed at the cost of appellants.