## In re Leithsville Volunteer Fire Company.

*Victor J. Abel,* for exceptants.

STEWART, P. J., February 2, 1931.—These are exceptions to the report of a master, deciding against the granting of a charter. The master, after a careful examination, decided that the application contains two distinct purposes, and that, therefore, it should not be approved. He refers to the Corporation Act of July 15, 1897, P. L. 283, the sixth paragraph of which provides for "the maintenance of a club for social enjoyments," and the tenth

paragraph provides for "the support of fire engine, hook and ladder, hose or other companies for the control of fire." The application contains the following:

"a. The maintainence of a fire engine or engines, motor trucks, hose carts, hooks, ladders, chemical engine and all other property, equipment and appliances incident to and pertaining to the prevention of and control of fires.

"b. To hold, own and maintain property for the purpose of housing and properly caring for its equipment and appliances and also to maintain in said property, rooms and quarters in which to conduct meetings and where its members can congregate for social intercourse and other lawful amusements and pastimes."

Is the conclusion of the master well founded? For the purposes of the argument, it may be conceded that it is not necessary to put in the charter that it shall have the right to hold real estate for the purposes of its incorporation. The act of assembly allows it to hold real estate to a specific amount. Nor is it necessary to provide that the members of the fire company should have a room where they could meet for social intercourse. These things are implied from the purposes of the incorporation as a fire company. So far as the real estate is concerned, the application is mere surplusage, and so far as the meeting for social intercourse is concerned, we think that it is also incidental, and need not be referred to. It is well known that sociability has always been connected with volunteer fire companies, and the legislature of this state recognized that intimate association when it passed the Act of May 17, 1917, P. L. 216, which provides for volunteer fire companies continuing their existence as social organizations or relief organizations after their apparatus has been taken over by a paid fire department. The case relied on by the master is Deutsch-Amerikanischer Volksfest-Verein, 200 Pa. 143. The lower court had refused the charter. In that case the club had been in existence for five years without a charter. All that the Supreme Court held was that: "The absence of necessity for a charity for a purely social club is no valid reason for refusal of a charter." In Charters of Second Class, 30 Dist. R. 819, there is a very careful review of applications for charters of the second class containing different kinds of business being included in one application. The learned Deputy Attorney General quoted with approval, at page 821, as follows: "It is well settled, however, that a corporation has power not only to do the things expressly mentioned in its charter, but also such things as are incident thereto and so connected therewith that the grant of one necessarily carries with it the grant of the others: Com. v. Thackara Manuf. Co., 156 Pa. 510; Malone v. Lancaster Gas Light Co., 182 Pa. 309; Glenwood Coal Co., 6 Pa. C. C. Reps. 575; Washington Mining and Improvement Co., 9 Pa. C. C. Reps. 323; 2 Fletcher's Encyclopedia of Corporations, § 828." American Lithuanian Club, 6 D. & C. 550, must be construed with reference to its special facts. President Judge Edwards showed that there were many objections in that application which could not be overlooked. In In re Players' National League Base Ball Club of Philadelphia, 25 W. N. C. 187, we have a good discussion by Judges Fell, Pennypacker and Hare concerning the profits which may follow the incorporation of a baseball club, and the court held that was a mere incident and not sufficient to take it out of the first class. They adopted a liberal construction. That case was approved by the Superior Court in the late case of Philadelphia Motor Speedway Ass'n v. Sale, 69 Pa. Superior Ct. 583. In other words, we think that there is no conflict between the two propositions set forth in this application. These are so connected that they refer to one object, and all else is incidental to that

object. The learned master evidently came to this conclusion with some doubt. He found as a fact that this corporation has been in existence for two years; that it has contracted for a lot, but the title has not passed. He further found that "all the witnesses testified that no intoxicating liquor has been or is allowed to be sold in the premises of the association, nor is gambling allowed or practiced, nor anything immoral." He further found that "there is nothing whatever in the said association or its practices that would cause it to be injurious to the community, but, on the contrary, of great service and most beneficial. The master, with much regret, and for the reasons stated above, cannot recommend that the decree prayed for be granted."

Where an unincorporated association has made such a splendid start, it is to be hoped that there will be no occasion for criticism because we have granted this charter.

And now, February 2, 1931, all the exceptions are sustained and the charter is granted. Decree is filed herewith.

From Henry D. Maxwell, Easton, Pa.