## In re Fayette Gasoline Retailers Association

*Samuel J. Feigus*, for petitioners.

CARR, J., March 29, 1938.—This is an application for a charter for a nonprofit corporation, which must be refused for want of authority to approve it.

The incorporators are 11 retail gasoline dealers, all doing business in Uniontown. In the articles the purpose for which the corporation is to be formed is stated as follows: "To promote and establish a spirit of coöperation and mutual assistance, both among consumers of and dealers in gasoline and automobile fuels and lubricants." A fuller and more detailed explanation of the purpose is contained in the testimony. There it is stated that it is the practice of the major oil and gasoline producers to sell directly and to grant substantial discounts to large consumers, thus depriving the retailer of this business and the profit that should be his. It is said that the producers supply what are called "commercial accounts" at net prices as low as those charged the retailers themselves. The incorporators point out further that they are required by law to post their prices and are not permitted to sell for less, but that, nevertheless, secret discounts are obtainable from many retailers, to the great loss of those who comply with the law. To assist them in forming a combination of all retailers to bring such pressure as they can to eliminate these unfair trade practices, they ask us to incorporate them as a nonprofit corporation.

The Nonprofit Corporation Law of May 5, 1933, P. L. 289, art. I, sec. 2, defines a nonprofit corporation to mean "a corporation organized for a purpose or purposes not involving pecuniary profit, incidental or otherwise, to its members." It is the duty of the court to maintain the distinction between business corporations and those not for profit, incidental or otherwise. It cannot be contended that the desired corporation will promote any social, educational, religious, fraternal, or other like cause. The testimony clearly shows that its primary and practically sole purpose is to increase the business and profits of its members. While this is a wholly legitimate and worthy purpose it is not within the provisions of the Nonprofit Corporation Law: Pittsburgh Chevrolet Dealers' Application for Charter, 296 Pa. 431.

*Order*

And now, March 29, 1938, upon and after due consideration of the application and the articles of incorporation, and of the evidence on behalf of the applicants, it appearing that the articles are not within the provisions of the Nonprofit Corporation Law, supra, the application is refused.