WALTER B. ROBINSON & others *vs.* WILLIAM NUTT, executor.

Middlesex.    January 28, 1904. — March 31, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Contract*, Unilateral, Consideration.

An agreement in writing to pay to the sinking fund committee of a certain parish $5 in each month for five years, in order to help in the payment of the debt of the parish, on condition that the whole amount of $10,000 shall be in like manner subscribed or otherwise provided for, and other requirements be performed, is a formal offer which on performance of the conditions by the committee becomes binding, such performance being a good consideration for the subscriber's promise.

Contract by the members of the sinking fund committee of the First Parish of Natick against the executor under the will of Maria Hayes, upon an agreement in writing signed by the defendant's testatrix. Writ dated May 18, 1903.

The Superior Court, upon an agreed statement of facts, gave judgment for the defendant. The plaintiffs appealed.

The contract sued upon was as follows:

"No. 9.                                Natick, Mass., April 16, 1900.

"In order to help in the payment of the debt of the First Parish of Natick, within five years from the first of April, A. D. 1900, in all amounting to about $10,000 exclusive of the Ministerial Fund Debt so-called, I hereby agree to give and pay to the Sinking Fund Committee of said parish the sum of five dollars each month for five years from and after said first day of April, A. D. 1900; the first instalment to be paid on or before the first day of April, A. D. 1900; provided first that the whole amount of $10,000 be in like manner subscribed or otherwise provided for; and secondly that my annual income does not during the time named materially and unexpectedly decrease. This obligation to be binding upon my heirs, executors, administrators and assigns.

"If on the first day of April, 1900, it shall appear that the current expenses of said parish for the year ending December 31, 1899, have not been met and fully paid, then no further sum under this agreement shall be payable until such current expenses are fully paid; and likewise, if upon the first of any subsequent April, it shall appear that the current expenses of the year ending the 31st of December next preceding have not been met and fully paid, then no further sum under this agreement shall be payable until such current expenses are fully paid.

" This agreement is made with the distinct understanding that the current expenses of the parish shall not be materially increased except in the case of an unavoidable necessity, and that no unusual current expense shall be incurred in behalf of said parish unless a sum amply sufficient shall first be obtained, or provided for to meet such expense.

"If after paying the above debt there shall remain a surplus in the hands of the Sinking Fund Committee, it shall be devoted to diminishing the Ministerial Fund Debt.

                                                    " Maria Hayes."

The following also appeared from the agreed statement of. facts : Maria Hayes was not a member of the First Parish of Natick. She died on August 23, 1900, and on December 3, 1901, the defendant was appointed executor under her will. No payments were made on her subscription after the payment for the month of August, 1900. The total amount subscribed was $11,203.55 by two hundred and eighty-nine different sub- scribers. Of this amount $1,910.50 had been paid to the plain- tiffs on May 1, 1900, and $3,287.94 on August 1, 1900; and on May 1, 1903, there had been paid on the subscriptions $6,717.85 in all, which amount was applied in reduction of the debt of the parish under the terms of the subscription.

The annual income of Maria Hayes did not at any time mate- rially and unexpectedly decrease. The annual current expenses of the parish had been met and fully paid on or before the first day of April in each year, beginning with April, 1900, up to the first day of May, 1903. The current expenses of the parish had not been materially increased at any time since the paper was signed by Maria Hayes, and no unusual current expense had been incurred on behalf of the parish.

There would be a surplus in the hands of the sinking fund committee after paying the debt of the parish, providing that all the subscriptions were collected, but this surplus would not be sufficient wholly to pay the ministerial debt.

It was agreed that any inference of fact might be drawn which a jury could draw.

*W. R. Bigelow*, for the plaintiffs.

*W. Nutt*, executor, *pro se*, filed a brief.

BRALEY, J. The written agreement signed by the testatrix was an undertaking on her part by which she agreed to pay the sum of $60 a year for the term of five years, if certain require- ments were fulfilled by the plaintiffs, who were the standing committee of the First Parish of Natick.

From the agreed facts, on which the case is submitted, the defendant concedes that these terms have been met and fulfilled, upon a full performance of which the subscription of the testa- trix was made contingent and payable, and in his written argu- ment the executor now denies liability of the estate only on the ground that the undertaking must be considered as wholly

gratuitous, and therefore without any legal consideration to support it.

If the offer is considered as a promise made by her in common with others to aid a religious society in which she was apparently interested, although not a member, it cannot be supported, for it falls within the class of what are called mere gratuitous or benevolent proposals prompted by charitable or religious motives, of which the law will not require a performance. *Cottage Street Methodist Episcopal Church* v. *Kendall,* 121 Mass. 528.

The principal purpose was to raise a fund to pay the debt of the parish, to which she in common with others promised to contribute to the extent of the various subscriptions, and it becomes incumbent on the plaintiffs to go further, and they must, as persons to whom the promise was made, show an acceptance by them of her proposal and the use by them of the fund contributed by her and others for the object stated in the subscription.

Her subscription was really made in the form of a formal offer which, being accepted by the plaintiffs, became an agreement under which they entered upon the performance of the contemplated plan, by obtaining additional subscriptions from others, and as a result the combined pledges made up the full amount required. When they applied the money received from time to time in reduction of the debt of the parish, the object upon which her promise depended had been accomplished. *Williams College* v. *Danforth,* 12 Pick. 541.

But under the proposal the burden also rested on the plaintiffs, as one of the conditions, to show that the current expenses of the parish would not be materially increased except in case of unavoidable necessity, and that no unusual current expense should be incurred unless a sum amply sufficient to meet it had been first obtained or provided ; and in order to receive the amount which she pledged, the plaintiffs were obliged to carry out this requirement for the period of five years. The agreed facts contain enough to show that this was done by them in reliance on, and in order to obtain, the contribution made by her, as the several payments became due.

A sufficient consideration to support the contract is found in the offer made and its acceptance, followed by a performance on

the part of the plaintiffs as promisees, who, in reliance on her promise, assumed and performed the imposed duties on which her subscription depended, including the obligation of keeping the current expenses of the parish within certain required limits. *Ladies' Collegiate Institute* v. *French,* 16 Gray, 196, 201. *Cottage Street Methodist Episcopal Church* v. *Kendall, ubi supra. Sherwin* v. *Fletcher,* 168 Mass. 413, 415. *Martin* v. *Meles,* 179 Mass. 114. *French* v. *Boston National Bank,* 179 Mass. 404, 408.

          *Judgment for the plaintiffs.*