## University of Pennsylvania's Trustees *v.* Coxe's Exrs., Appellants.

*Contract — Subscription agreement — Consideration—Death of subscriber—Decedents' estates—Interest—Demand—Legacy as payment of subscription.*

1. Where subscribers agree to pay to the treasurer of a university "at such time as he shall request," the sums respectively set opposite to their names "for the university museum," and the trustees of the university incur obligations and enter into contracts for the construction of the museum, there is a good consideration for the subscription agreement, and the death of one of the subscribers, who had not paid the whole of his subscription, does not relieve his estate from payment of the balance.

2. In such case interest runs from the date the treasurer makes request for payment.

3. The estate will not be relieved from payment of the balance by the fact that the decedent in his will gave legacies for purposes specifically stated, but not in any way connected with the purpose for which the subscription agreement was made.

Argued April 10, 1923.  Appeal, No. 310, Jan. T., 1923, by defendants, from judgment of C. P. Luzerne Co., Jan. T., 1921, No. 273, on verdict for plaintiffs, in case of Trustees of the University of Pennsylvania v. John Cadwalader, Jr., and Charles Sinkler, executors of Eckley B. Coxe, Jr., deceased.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.  Affirmed.

Assumpsit on subscription agreement.  Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Directed verdict for plaintiff and judgment thereon for $45,640.  Defendants appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v., quoting record.

*Thomas Ridgway,* with him *George Ross,* for appellants.—Judgment should be reversed because no consideration was created by which the balance of Mr. Coxe's subscription, an unexecuted gift, was transformed into a contractual obligation: Clapper v. Frederick, 199 Pa. 609; Kern's Est., 171 Pa. 55; Smith's Est., 237 Pa. 115.

There is no legal presumption that because several names are signed to the same subscription paper, each subscriber signed in consideration of the other signing, when nothing appears either on the face of the paper or in the evidence to show this: Phipps v. Jones, 20 Pa. 260; Phila. Med. Pub. Co. v. Wolfenden, 248 Pa. 450; Fair Assn. v. Greer, 11 Pa. Superior Ct. 103; Muncy v. Green, 143 Pa. 269; Auburn Bolt Works v. Shultz, 143

Pa. 256; Hawthorn Bottle Co. v. Cribbs, 51 Pa. Superior Ct. 555; Jeannette Bottle Works v. Schall, 13 Pa. Superior Ct. 96.

A subscription for public or charitable objects, unless some act is done or expense incurred on the faith of the subscription, is revocable at the pleasure of the subscriber or by his death: Converse's Est., 240 Pa. 458; Foreign Missions v. Smith, 209 Pa. 361; Lippincott's Est., 21 Pa. Superior Ct. 214; Stuart v. Presbyterian Church, 84 Pa. 388; Helfenstein's Est., 77 Pa. 328; Ryers v. Presbyterian Congregation, 33 Pa. 114.

The legacies of $500,000 for the museum were in payment of the subscription: Wesco's App., 52 Pa. 195; Horner v. McGaughy, 62 Pa. 189.

No interest was due: Wainwright v. Bank, 72 Pa. Superior Ct. 221; Richards v. Gas Co., 130 Pa. 37; Obermyer v. Nichols, 6 Binney, 159.

*Owen J. Roberts,* with him *Paul Bedford,* for appellee.—There was ample consideration: Converse's Est., 240 Pa. 458; Board of Foreign Missions v. Smith, 209 Pa. 361; Ryers v. Congregation, 33 Pa. 114; Hohl's Est., 19 Pa. Dist. R. 621.

The legacies were not a satisfaction of the subscription contract: Horner v. McGaughy, 62 Pa. 189; Byrne v. Byrne, 3 S. & R. 54; Gibbons v. Woodward, 3 Walker 303; Balz v. Kirchner, 192 Pa. 63; Thum's Est., 18 Pa. C. C. R. 615.

Interest was due from demand: Rayne v. Guthrie, Addison 137; Penn Safe Dep. & Trust Co. v. Thomas, 4 Pa. Dist. R. 421; Penna. Co. v. Swain, 189 Pa. 626; Blair County Directors v. Kline, 8 Pa. Dist. R. 67; Weiskircher v. Connelly, 256 Pa. 387; Thompson v. Schoch, 254 Pa. 585.

OPINION BY MR. JUSTICE FRAZER, May 23, 1923:

Eckley B. Coxe, Jr., in his lifetime, was president of the Board of Managers of the Museum of the University

of Pennsylvania and, to enable the institution to raise funds, decedent, on January 30, 1912, signed the following writing: "We, the subscribers, agree to pay to the treasurer for the time-being of the University of Pennsylvania, at such times as he shall request, unless other times are mentioned at our signatures, the sums respectively set opposite our names, for the University Museum." While this did not specify the precise object of the subscription, it seems to be conceded the funds provided for in the writing were to be used in constructing an addition to the museum. Decedent, the first to sign the paper, made a subscription of $100,000. The second subscription, that of Charles C. Harrison, was obtained at the same time and this was followed by others at various times from February 27, 1912, to February 19, 1915, the amount subscribed aggregating $305,000. Decedent paid during his lifetime, as requested by the treasurer, the following amounts: September 3, 1914, $20,000; February 6, 1915, $20,000; April 29, 1915, $20,-000. He died September 20, 1916, there being at that time $40,000 of his subscription unpaid, which amount had not been called for by the treasurer. Subsequent to his death, a demand made for payment of the balance was refused by his executors, who claimed, in support of their refusal to pay, the subscription was not a binding legal obligation but merely a promise made without consideration and revoked by the death of the subscriber before actual payment. The court below declined to take this view of the law and directed a verdict for plaintiff for the full amount subscribed, with interest from the time demand for payment was made and refused. The executors appealed.

The trustees of the museum, in reliance upon the subscriptions made by decedent and others, proceeded to contract for the structure contemplated and expended approximately $280,000 for that purpose. The work was temporarily delayed, due in part to the high cost of labor and materials and in part to the fact that proceed-

ings were instituted and pending against the trustees of the University of Pennsylvania by the Commercial Museums to determine the ownership of the land upon which the building was intended to be erected. For these reasons the treasurer delayed calling for the balance of the subscription. The proceeding mentioned being finally decided in favor of the University (251 Pa. 115) a notice calling for payment of the unpaid balance of subscriptions was sent each subscriber, which stated work on the building would be resumed at the earliest practicable time.

The trustees, relying upon the subscriptions of decedent and others, proceeded to incur obligations in carrying out the purposes for which the funds were intended and, in fact, had expended the greater part of the total amount subscribed. This action on their part constituted a consideration which made the gift irrevocable and binding, not only upon the donors, but upon their representatives after their death (Board of Foreign Missions v. Smith, 209 Pa. 361; Converse's Estate, 240 Pa. 458), consequently discussion of the question whether the subscription of one was a consideration for the subscription of other parties to the agreement becomes unnecessary. Assuming each to have been made individually and not in consideration of the subscription of others, acceptance by the museum of the gift and the incurring of obligations in reliance upon it created a valid, binding contract and the subscription became irrevocable thereafter: Converse's Estate, supra, and cases cited.

With regard to the question of interest, the contract being a valid one based upon a consideration and the money payable on demand of the university's treasurer, the time of such demand fixed the date of payment, and interest was properly computed from that time, pursuant to the general rule that, in absence of agreement to the contrary, interest on an obligation, due on demand, begins to run at the time demand is made and payment refused: Thompson v. Schoch, 254 Pa. 585; Weiskirch-

er v. Conley, 256 Pa. 387; Penna. Co. v. Swain, 189 Pa. 626; 22 Cyc. 1548.

Appellants further argued that the gift, so far as it remained unpaid, was satisfied by provisions in two codicils to decedent's will devising the total sum of $500,-000 to the University of Pennsylvania to apply the income "exclusively for the museum of the said university and so far as may be needed exclusively for the Egyptian Section and after meeting the needs of that section to aid in explorations and in defraying the expenses of transportation of the collection and also for defraying the expenses of the publications of the said museum." The contention is these legacies must be presumed to have been intended in satisfaction of the balance of the subscription made by testator in his lifetime toward the building fund. This argument would be entitled to more weight if the legacies had been given for the same purpose the subscription was intended to accomplish, or if there were other circumstances indicating an intention on the part of testator to substitute the legacies for the balance due under his subscription. No such intention appears, however. True, the gift of $500,000 was for the benefit of the museum; the will, however, specified particularly the activities to which the income realized from the bequest should be applied. Nothing was said concerning the completion of the building, nor do we find any indication in the wording of the gift that testator had in mind the substitution of this fund or a part of it for his unpaid subscription for the erection of an additional building: Horner v. McGaughy, 62 Pa. 189.

In holding the subscription to be a valid and binding contract and payable with interest from the date of demand, we deem it only fair to the executors to say their attitude in objecting to payment until the question should be passed upon by the courts is not one to be criticized but rather commended as a duty on behalf of those interested in the estate to see that funds of the estate were paid out only for proper purposes.

The decree of the court below is affirmed.