# Thompson's Estate (No. 2).

*Wills—Trusts and trustees — Charitable use — Designation of beneficiary—Power of appointment—Liability discharged—Codicil.*

1. Where testator gives authority to his executors to distribute the residue of his estate among such charities as may commend themselves to their discretion, including a particular charity, and the executors before their death fail to designate, and a trustee is appointed by the court to make the choice of the beneficiaries, including the institution designated by the testator, such institution cannot claim that a liability of the testator to it was not included in the award to it, where it appears that the award was twice the amount of the liability, and the trustee before distribution states that if he had known of the liability, he would have considered the award as a liquidation of the claim.

2. The appointing power was alive until distribution was actually made.

3. The argument that testator could not have intended a distribution under his residuary bequest to operate as a performance of his liability because the will containing this clause was made before the contract was entered into, is negatived by the fact that testator made a codicil after the contract, in which he refers to the residuary clause.

Argued December 5, 1925. Appeal, No. 122, Jan. T., 1925, by Memorial Free Library of Alexandria, claimant, from decree of O. C. Phila. Co., July T., 1921, No. 62, dismissing exceptions to adjudication, in estate of William Thompson, deceased. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Memorial Free Library of Alexandria, claimant, appealed.

*Error assigned* was, inter alia, decree, referring to it by page of record.

*James A. Mahoney,* for appellant.—This testamentary provision was never intended by the testator as a performance or satisfaction of the contractual obligation, because it antedated the contractual obligation: Benkert's Est., 18 Pa. C. C. R. 603; Rogers v. Hand, 39 N. J. Eq. 270; Adams v. Olin, 61 Hun. (N. Y.) 318; Sullivan v. Latimer, 38 S. C. 158; Byrne v. Byrne, 3 S. & R. 52; Gibbons v. Woodward, 3 Walker 303; University of Penna., Trustees, v. Coxe, 277 Pa. 512.

*Francis Chapman,* with him *T. Elliott Patterson, Samuel F. Clevenger, Frederick C. Newbourg, John C. Hinckley, William N. Trinkle, Howard H. Yocum,* and *J. Rodman Paul,* for appellees.

Opinion by Mr. Justice Kephart, January 19, 1925:

The history of this case will be found in the Estate of William Thompson, 282 Pa. 30, where we held, in an opinion written by Mr. Justice Sadler, that the enforcement of the charitable trust, created by decedent's will, was not ineffective because of uncertainty in describing the objects intended to be promoted, or the persons or corporations who were to share in the fund created; that a trustee could be appointed to carry out the desires of the testator where those designated to make the selection of the beneficiaries die without exercising the powers conferred upon them, and that the next of kin were not entitled to the estate.

The question raised by this appeal concerns a claim against the estate by the Memorial Free Library of Alexandria, Pa. It is founded on an agreement between the decedent and Edith Woolverton, dated October 14, 1919, wherein it was provided that William Thompson was to contribute annually the sum of $500 toward the current expenses of the Alexandria Free Memorial Library, and "make a valid testamentary provision to give to or place in trust for the said Alexandria Free Memorial Library, the sum of ten thousand (10,000) dollars in ad-

dition to the sum of twenty-five thousand (25,000) dollars as to which amount he has already made such provision." Edith Woolverton made a like agreement for annual payment and testamentary provision. With the exception of the matter we are considering (the claim for the $10,000), the agreement has been peformed; there was no specific bequest to the Alexandria Free Memorial Library. Testator did bequeath the residue of his property to trustees to distribute to and among such religious and charitable institutions as commend themselves in their discretion and judgment to accord with his wishes and preferences, and he specified that among the institutions to which distribution was to be thus made there should be the Memorial Free Library of Alexandria, Huntingdon County, Pa. The trustee, H. S. P. Nichols, a prominent member of the bar, appointed by the court to select the charities to take under the will, designated the library to receive the sum of $20,000. It is appellant's contention that its claim under the agreement was not included in or covered by the testamentary provision giving to the executors authority to make distribution to the Alexandria Free Memorial Library, or in the action of the trustee thereunder in designating it to receive $20,000.

It was within the trustee's power to liquidate any so-called indebtedness arising under the agreement by stipulating that the designation should be in lieu of any claim thereunder, and, in view of his testimony that had he known of the specific engagement here mentioned he would have considered the designation as a liquidation of any claim under the agreement, and does now so consider it, the court below was right in dismissing the claim.

This determination is not a question of an uncertain or contingent bequest satisfying a preëxisting debt; since the Alexandria Memorial Free Library was mentioned as one of the institutions to receive aid, it could have pressed on the trustee a claim to the extent mentioned in the agreement through the charitable bequest clause

authorizing a distribution of the residue. Although the trustee distributed without compulsion, and gave to this appellant, he now states his present intention to be that the gift shall satisfy the claim, and the distribution is as effective for that purpose as if done with that end in view originally. The appointing power, until distribution was actually made, was still alive and there was nothing to prevent the limitation placed on appellant's gift; this is true notwithstanding the fact that the appointment takes effect under the will; it does so in the manner indicated and the designation has the effect of satisfying in full the object and purpose of the agreement. The bequest in this sense is not contingent or uncertain, for that is certain which can be made certain. The case of University of Pennsylvania's Trustees v. Coxe's Exrs., 277 Pa. 512, where the agreement and the bequest were for two different purposes, is not similar to the instant case. Little can be added to the conclusion of the court below, where it is said, "These beneficiaries take nothing from Mr. Nichols, who was only appointed to designate who should take; they take directly under the will of testator, with the same force and effect as if their names had been written in the residuary clause, and I therefore conclude that the Memorial Free Library of Alexandria taking under the residuary clause of the will, the testator has carried out whatever obligations he incurred by reason of the agreement of October 14, 1919, as above set forth. The Memorial Free Library of Alexandria is not in any position to complain that the testator did not comply with the terms of his agreement with Mrs. Woolverton so long as the library receives a sum in excess of $10,000 under the testator's will. The claim of the Memorial Free Library of Alexandria to receive $10,000 under the above contract dated October 14, 1919, is therefore rejected."

Appellant contends that the testator could not have intended any distribution under his residuary bequest to operate as a performance of his contract because the

will containing this clause was made before the contract was entered into.   This argument overlooks the fact that the testator made a codicil to his will after the contract was made, in which he refers to his residuary clause.   Since the will is confirmed and republished as of the date of the codicil, the entire argument falls.

The decree of the court below is affirmed.