**TURNER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 5810.**

Circuit Court of Appeals, Third Circuit.

Sept. 24, 1936.

Harold A. Donegan and John M. Perry, both of New York City, for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Louise Foster, Sp. Assts. to Atty. Gen., for respondent.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from an order of the Board of Tax Appeals in which the Board determined that the petitioners, as executors of the estate of James Newbegin Jarvie, deceased, were liable for a deficiency in the estate tax of $22,193.37.

The facts of this case are not disputed. James N. Jarvie entered into certain written agreements in which he promised to give to the International Committee of the Young Men's Christian Associations $1,-000,000 for the erection of a building in Jerusalem to be used by the Young Men's Christian Association of that place.

Before he died, on June 21, 1929, he had paid $372,689.77 on his pledge, leaving a balance of $627,310.23 unpaid. This balance was admitted to be a legal obligation of the estate and was paid on February 4, 1930, by the executors, who are the petitioners here.

The executors did not include the $627,-310.23 in the gross estate in their tax return for 1930 on the ground that it was exempt from taxation under section 303 (a) (1) or (3) of the Revenue Act of 1926, 44 Stat. 72 (26 U.S.C.A. § 412 note), which, inter alia, provides:

"For the purpose of the tax the value of the net estate shall be determined—

"(a) * * * by deducting from the value of the gross estate—

"(1) * * * claims against the estate, * * * to the extent that such claims * * * were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth. * * *

"(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of * * * any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes."

The Commissioner disallowed the deduction and determined a deficiency of $22,-193.37.

The Board of Tax Appeals, with five members dissenting, in its order of redetermination sustained the Commissioner.

The petitioners contend that this obligation was either a claim against the estate under section 303 (a) (1) or a transfer within the meaning of the statute under section 303 (a) (3). The Commissioner contends that it was not a deductible claim for the reason that it was not incurred or contracted "for adequate and full consideration in money or money's worth" and that it was not a "transfer" within the meaning of the statute for the reason that it had not actually been transferred when Mr. Jarvie died.

We think that this deduction should have been allowed by the commissioner. The case of Porter v. Commissioner, 60 F. (2d) 673 (C.C.A.2), is on all fours with this case, and the decision of the Supreme Court (288 U.S. 436, 53 S.Ct. 451, 77 L.Ed.

880) affirming the judgment in that case is binding upon us.

In that case the testator, William H. Porter, in his lifetime promised to give to Princeton University $25,000 for the purpose of erecting in the University Chapel a bay, containing a memorial window in memory of his son, who lost his life in the World War. He had paid, before his death, $20,000 in fulfillment of this promise. The balance of $5,000 still due when he died was admitted to be a legal and enforceable obligation against the estate and was paid by his executors. In computing the tax due under the estate tax provisions, they deducted this $5,000 paid to the University.

The Commissioner disallowed the deduction and was sustained by the Board of Tax Appeals. The Board held, first, that the promise made by the decedent was not incurred or contracted "for an adequate and full consideration in money or money's worth," and that the balance paid by the executors was, therefore, not deductible under section 303 (a) (1); and, secondly, without deciding whether the claim amounted to a transfer, it held that there was no evidence that Princeton University was an institution "organized and operated exclusively for * * * educational purposes," and that consequently the claim was not deductible under section 303 (a) (3).

The Circuit Court of Appeals took judicial notice of the fact that Princeton University was a "corporation * * * operated exclusively for * * * educational purposes" within the meaning of section 303 (a) (3), and, without further discussion of this question, reversed the order of the Board in so far as it disallowed the deduction.

The Supreme Court, without discussing whether this $5,000 was a "claim" or a "transfer" within the meaning of the statute, affirmed the judgment of the Circuit Court of Appeals.

The agreement of Mr. Porter to give the $25,000, though only $20,000 of it was actually transferred before his death, may be regarded as a constructive transfer of all of it, within the meaning of the statute. Under this view the $5,000 would be deductible, and likewise the $627,310.23 in the case at bar. Or the $5,000, being admittedly a legal and enforceable claim against the estate, may be regarded as a bona fide claim contracted for an adequate and full consideration in money's worth. Within the

meaning of the statute, "money's worth" does not mean money itself. The ultimate question on this phase of the case is what consideration may be regarded as money's worth. Must it be material, such physical things as may be bought and sold in the open market? Or, may it be religious, charitable, or educational considerations which in some cases are not only "adequate and full," but are precious and priceless? We are told that "a good name is rather to be chosen than great riches." Consideration connected with educational, charitable, or religious gifts may not be money in a commercial sense, but it does constitute money's worth in a higher sense, just as the knowledge that others are contributing to charitable institutions constitutes adequate and full consideration for one's gift though, as a matter of fact, the giver does not receive a single material thing. Jeptha H. Wade, Jr. et al. v. Commissioner, 21 B. T.A. 339.

The Supreme Court must have affirmed the judgment in the Porter Case on the ground that the $5,000 was a claim or a transfer within the meaning of the statute, and whichever it was, the decision is controlling in this case.

. The order of redetermination of the Board is reversed, and the case is remanded, with directions to allow the deduction.