## COMMISSIONER OF INTERNAL REVENUE v. BRYN MAWR TRUST CO. et al.

No. 6220.

Circuit Court of Appeals, Third Circuit.

Dec. 29, 1936.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., and Paul R. Russell, of Washington, D. C., for plaintiff.

R. Lester Moore, of Philadelphia, Pa., for defendants.

Before BUFFINGTON and THOMPSON, Circuit Judges, and MARIS, District Judge.

MARIS, District Judge.

This is a petition to review a decision of the United States Board of Tax Appeals, in which the Board determined that there was a deficiency of $3,004.25 in estate tax due by the estate of Patrick J. Lawler, de-

ceased. There was no real dispute in the facts, which were as follows:

On November 21, 1922, Patrick J. Lawler, the decedent, executed a written pledge coincident with and in consideration of subscriptions of others, whereby he subscribed and promised to pay to the treasurer of St. Joseph's College Foundation, for the purpose of providing land, new buildings, and equipment for St. Joseph's College in Philadelphia, the sum of $100,000; $10,000 to be paid at the signing of the pledge, and the balance to be paid at the rate of $20,000 per year. The $10,000 to be paid at the time of the signing of the pledge was actually paid by the decedent on December 1, 1922. On December 24, 1928, he paid an additional $50,000 to the treasurer of St. Joseph's College, making a total of $60,000. At the time of his death there was a balance of $40,000 due the college and a claim for that amount was entered by the college within the statutory period of one year, was admitted by the executors of the estate, and listed in their petition for distribution. On February 1, 1933, the executors paid $5,000 of the balance due, leaving $35,000 to be paid.

There were approximately 1,400 other pledges made in connection with this foundation fund drive. The total amount pledged to the foundation fund was $1,154,000, and the amount which had been paid to the college at the time of the hearing before the Board of Tax Appeals was approximately $800,000. The money so subscribed and paid, including the amount paid on the pledge of the decedent, was used by the college for the purposes for which it was subscribed. On October 4, 1927, the decedent made a further pledge to St. Joseph's College in the amount of $20,000, which pledge was made coincident with and in consideration of the pledges of others in attendance at a meeting held on that date at the Philadelphia Country Club. Pledges made at this meeting totaled $102,000, and were made for the specific purpose of building a stadium and improving the athletic field at St. Joseph's College. All of the pledges have been paid with the exception of $23,400. At the date of his death decedent had not paid anything on his pledge. Within the statutory period of one year after decedent's death the college entered its claim for the $20,000 pledged by the decedent, which amount was admitted by the executors of the estate, and was included as an admitted claim in their petition for distribution. The money so subscribed and paid was used by the college for the purposes for which it was subscribed.

St. Joseph's College is an educational institution operated by the Order of Jesuits of the Roman Catholic Church exclusively for educational purposes and not for profit.

Decedent died April 8, 1932. In the federal estate tax return filed by the respondents as executors of the decedent, the unpaid balance of the pledges above mentioned amounting to $60,000 was claimed as a deduction from gross estate. In auditing the return the Commissioner of Internal Revenue disallowed this deduction, made certain other adjustments not now in controversy, and determined a deficiency of $6,604.25 in estate tax. The Board of Tax Appeals, after hearing, allowed the $60,000 as a deduction from gross estate and reduced the deficiency to $3,004.25. The Commissioner of Internal Revenue thereupon filed the present petition to review its decision.

The Revenue Act of 1926, under which the tax here in controversy was imposed, provides in section 303 (a) (1), (26 U.S.C.A. § 412 note) that in computing the taxable net estate of a decedent there shall be allowed as deductions from gross estate, inter alia, "such amounts for * * * claims against the estate * * * to the extent that such claims * * * were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth."

The sum of $60,000 remaining due by the decedent at the time of his death upon the pledges above described was claimed by the respondents to be deducted from the gross estate as a claim against the estate contracted for an adequate and full consideration in money's worth. Its disallowance by the petitioner was based upon his contention that the pledges did not represent claims against the estate of that character. No objection was made to the pledges on the ground that they were not contracted bona fide, so that the question raised on this appeal is whether the claims based upon the pledges made under the circumstances above recited are claims contracted for an adequate and full consideration in money or money's worth within the meaning of the statute.

■ The great weight of authority in regard to subscriptions to charitable objects is to the effect that if on the faith of

the subscription the promisee expends money or incurs liability in furtherance of the enterprise the promisor intended to promote, consideration for the subscription is supplied and it is thereby rendered valid, binding, and enforceable. Capelle v. Trinity M. E. Church, Fed.Cas. No. 2,392, 11 N.B.R. 536; Sturges v. Colby, Fed.Cas. No. 13,566, 2 Flip. 163; Norton v. Janvier, 5 Har. (Del.) 346; Beatty's Estate v. Western College, 177 Ill. 280, 52 N.E. 432, 42 L.R.A. 797, 69 Am.St.Rep. 242; Robinson v. Nutt, 185 Mass. 345, 70 N.E. 198; New Jersey Orthopaedic Hospital & Dispensary v. Wright, 95 N.J.Law 462, 113 A. 144; Keuka College v. Ray, 167 N.Y. 96, 60 N.E. 325; In re Griswold's Estate, 113 Neb. 256, 202 N.W. 609, 38 A.L.R. 858, and cases cited in note page 881 et seq. This is the law of Pennsylvania in which state the pledges were made. Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361, 58 A. 689; University of Pennsylvania's Trustees v. Coxe's Ex'rs, 277 Pa. 512, 121 A. 314.

In the case just cited the rule was stated as follows: (277 Pa. 512, at page 516, 121 A. 314, 315): "The trustees, relying upon the subscriptions of decedent and others, proceeded to incur obligations in carrying out the purposes for which the funds were intended, and in fact had expended the greater part of the total amount subscribed. This action on their part constituted a consideration which made the gift irrevocable and binding, not only upon the donors, but upon their representatives after their death (Board of Foreign Missions v. Smith, 209 Pa. 361, 58 A. 689; Converse's Estate, 240 Pa. 458, 87 A. 849); consequently, discussion of the question whether the subscription of one was a consideration for the subscription of other parties to the agreement becomes unnecessary. Assuming each to have been made individually, and not in consideration of the subscription of others, acceptance by the museum of the gift and the incurring of obligations in reliance upon it created a valid, binding contract, and the subscription became irrevocable thereafter. Converse's Estate, supra, and cases cited."

In the case before us it appears that the Trustees of St. Joseph's College expended all the money subscribed and paid by the decedent and others for the purposes which the decedent intended to promote. There was, therefore, consideration, which was adequate under the law, for his

promises and which rendered them fully enforceable against his estate.

It has also been held that the mutual promises of persons contributing to a fund for the accomplishment of a common object, which can only be accomplished through their aggregate efforts, constitute reciprocal obligations, which are each a sufficient consideration to support the validity of the others and which are enforceable by the payee. Capelle v. Trinity M. E. Church, supra; Edinboro' Academy v. Robinson, 37 Pa. 210, 78 Am.Dec. 421; and cases cited in note to In re Griswold's Estate, supra, 38 A.L.R. pages 906 et seq. It is, therefore, clear that the decedent's pledges were contracted for a consideration which was adequate in law.

It remains, however, to consider whether the consideration was full and in money or money's worth. It is an elementary rule that a legal consideration may take the former either of a benefit to the promisor or of a detriment or loss to the promisee. As Mr. Justice Story said in Townsley v. Sumrall, 2 Pet. 170, 182, 7 L.Ed. 386: "Damage to the promisee, constitutes as good a consideration as benefit to the promisor." The consideration for the decedent's pledges here involved was of this latter character. Was this consideration full and in money or money's worth? We think the answer to this question must be in the affirmative. Assuming the consideration was the expenditure by the college of funds to carry out the objects contemplated by the decedent, it is clear that it was in money or money's worth since these expenditures were in money, and it cannot be doubted that the consideration was full since all the funds subscribed and paid were so expended by the college. If, on the other hand, we assume that the consideration arose from the reciprocal promises of the other subscribers, it seems to us equally clear that these promises, being payable in money, represented money's worth, and since they aggregated far more than the decedent's total subscriptions they were unquestionably a full consideration for his promise.

Our conclusion finds full support in the recent decision of this court in Turner v. Commissioner of Internal Revenue, 85 F.(2d) 919. It is also in accord with the decision of the Board of Tax Appeals in Jeptha H. Wade, Jr., et al. v. Commissioner, 21 B.T.A. 339, and the later decisions of the Board which have followed that case.

The petitioner, however, argues that the provisions of section 303 (a) (1) of the Revenue Act, quoted above, refer only to claims arising out of what has been described as a financial bargain, and cites Porter v. Commissioner of Internal Revenue (C.C.A.) 60 F.(2d) 673, and Glaser v. Commissioner of Internal Revenue (C.C.A.) 69 F.(2d) 254. In Porter v. Commissioner of Internal Revenue, supra, the Circuit Court of Appeals for the Second Circuit did hold that section 303 (a) (1) was concerned only with claims arising out of financial bargains, and in Glaser v. Commissioner of Internal Revenue, supra, the Circuit Court of Appeals for the Eighth Circuit followed the Porter Case. We cannot follow the reasoning of these cases, however, since we think that they unduly restrict the meaning of the statute, which nowhere limits deductible claims to those arising from a financial bargain. As the Board of Tax Appeals properly said in Jeptha H. Wade, Jr., et al. v. Commissioner, supra, the only requirements of the statute are (1) that the indebtedness should be contracted or incurred bona fide; (2) that there shall be an adequate and full consideration; and (3) that the consideration shall be in money or money's worth.

The petitioner further argues, however, that the claims are not deductible because the consideration was not received by the decedent. His contention is that the only sort of consideration contemplated by the statute was that which involves a benefit to the promisor and that a consideration which consists only of a detriment or loss to the promisee was not intended to be included. In support of his contention he cites Latty v. Commissioner of Internal Revenue (C.C.A.) 62 F.(2d) 952, and Glaser v. Commissioner of Internal Revenue, supra, and he refers us to Article 36 of Regulations 70 relating to the estate tax, promulgated by him. In Latty v. Commissioner of Internal Revenue, supra, at page 954 of 62 F.(2d), the Circuit Court of Appeals for the Sixth Circuit said in considering the clause "a fair consideration in money or money's worth" which appears in the Revenue Act of 1924, that: "We think that ordinarily these words must be construed to evidence an intent upon the part of Congress to permit the deduction of claims only. to· the extent that such. claims were contracted for a consideration which at the time either augmented the estate of the decedent, granted to him

some right or privilege he did not possess before, or operated to discharge a then existing claim, as for breach of contract or personal injury." The Circuit Court of Appeals for the Eighth Circuit in Glaser v. Commissioner of Internal Revenue, supra, quoted the foregoing language of the Latty Case with approval. Article 36 of Regulations 70 is as follows:

"Art. 36. *Claims against the estate.*— The amounts that may be deducted under this heading are such only as represent personal obligations of the decedent existing at the time of his death, whether then matured or not, but only to the extent that the liability therefor was incurred or contracted bona fide and for an adequate and full consideration in money or money's worth. Only claims enforceable against the estate may be deducted. A pledge or a subscription evidenced by a promissory note or otherwise, even though enforceable against the estate, is deductible only to the extent such pledge or subscription was made for an adequate and full consideration in cash or its equivalent *received therefor by the decedent.*" (Italics ours.)

It will thus be seen that two Circuit Courts of Appeals have interpreted the statute to refer only to a consideration benefiting the decedent and have in effect added to the statutory definition of consideration the clause "received therefor by the decedent" which the Commissioner actually did add to his interpretative regulation. Such a clause, however, is not contained in section 303 (a) (1), and in our opinion Congress did not intend so to restrict the meaning of that section. We think that the congressional intent is clearly shown by the fact that in drawing the language of section 302 (i) of the same act, 26 U.S.C.A. § 411 (i), it used this very clause as a limitation upon the consideration referred to in that particular section. The language there used was: "(i) If any one of the transfers, trusts, interests, rights, or powers, enumerated and described in subsections (c), (d), and (f) is made, created, exercised, or relinquished for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction,

over the value of the consideration *received therefor by the decedent."* (Italics ours.)

It is thus seen that when Congress desired to specify a consideration beneficial to the promisor it used apt language to do so. Its failure to use similar language in the section here involved to our minds conclusively demonstrates that it did not intend in that section to eliminate considerations of the character with which this case is concerned and which involve only a detriment to the promisee. It must, therefore, be held that the final clause of article 36 of the Regulations is not consistent with the law, but is in effect an amendment thereof and is, therefore, invalid. Morrill v. Jones, 106 U.S. 466, 1 S.Ct. 423, 27 L.Ed. 267; International R. Co. v. Davidson, 257 U.S. 506, 42 S.Ct. 179, 66 L.Ed. 341; Fresno Grape Products Corporation v. U. S. (Ct.Cl.) 11 F.Supp. 55. It is a settled rule that taxing statutes are to be construed strictly in favor of the taxpayer. Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156; Burnet v. Niagara Falls Brewing Co., 282 U.S. 648, 51 S.Ct. 262, 75 L.Ed. 594. We think this rule is applicable here.

We are therefore of opinion that the statute does not require the consideration for a claim against a decedent's estate to have been received by the decedent. It follows that the claims made by the treasurer of St. Joseph's College against the decedent's estate were contracted for an adequate and full consideration in money or money's worth within the meaning of the Revenue Act and were therefore deductible from the decedent's gross estate. This conclusion makes it unnecessary for us to determine whether the decedent's pledges constituted transfers to or for the use of a corporation organized and operated exclusively for educational purposes, which St. Joseph's College admittedly was, and which would, therefore, be deductible from decedent's gross estate under the provisions of section 303 (a) (3) of the Revenue Act (44 Stat. 72, 26 U.S.C.A. § 412 (d), and note). As to this we need only point out that in Porter v. Commissioner, supra, the Circuit Court of Appeals for the Second Circuit sustained a similar pledge to Princeton University as such a transfer under that section of the act. The judgment of the Circuit Court of Appeals in that case was affirmed by the Supreme Court (288 U.S. 436. 53 S.Ct. 451, 77 L. Ed. 880), and was followed by this court in Turner v. Commissioner of Internal Revenue, supra, and we know of no reason why the rule of that case would not be equally applicable here.

The order of the Board of Tax Appeals is affirmed.