**CARNEY v. BENZ et al.**

No. 3224.

Circuit Court of Appeals, First Circuit.

June 1, 1937.

748

Milford S. Zimmerman, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and Milton Carr Ferguson, Sp. Assts., to Atty. Gen., and Francis J. W. Ford, U. S. Atty., of Boston, Mass., on the brief), for appellant.

Lawrence E. Green and Edward J. Keelan, Jr., both of Boston, Mass., for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This case involves the same statutory provisions which we lately had occasion to consider in Commissioner v. Lyne, Administrator, 90 F.(2d) 745.*

The present question is whether the claim sought to be deducted from the gross estate was founded upon sufficient consideration. The Commissioner denied the deduction and imposed an additional tax. The executors paid under protest and, claim for refund having been denied, brought suit to recover in the District Court, where they obtained a judgment in their favor. The Collector has appealed.

There is no dispute about the facts. Jacob C. Benz, a citizen and resident of Massachusetts, died in November, 1932, leaving a substantial estate. Paine Webber & Co., stockbrokers, presented a claim against his estate in the amount of $52,-811, which was duly paid by the executors and was claimed by them as a deduction in computing the net value of the estate for the federal estate tax. It is the item here in controversy. The claim arose on a written guaranty to Paine Webber & Co. which Benz had made, guaranteeing the account of the Doris Realty & Investment Company. No question is made but what the amount claimed by Paine Webber & Co. was due under guaranty.

The guaranty was given under the following circumstances: The Doris Realty & Investment Company was a Massachusetts corporation organized in 1926. It was owned and operated by the decedent's wife and daughter. In 1929 the company desired to open a stock-trading account with Paine Webber & Co. The brokers required that the account should be guaranteed by Benz, and he gave the guaranty in question. At the end of 1929 the account showed a substantial profit, but in May, 1933, when it was closed out, there was a deficiency amounting to the sum claimed.

* Revenue Act of 1926, chap. 27, 44 Stat. 9.

Sec. 303. "For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for * * * claims against the estate, * * * to the extent that such claims * * * were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth." U.S.C. title 26, § 412, 26 U.S.C.A. § 412 note.

Revenue Act of 1932, c. 209, § 805, 47 Stat. 169, 280. Section 303 (a) (1) of the Revenue Act of 1926, as amended, is amended to read as follows:

"(b) Such amounts—* * *

"(3) for claims against the estate * * * as are allowed by the laws of the jurisdiction, * * * under which the estate is being administered. * * * The deduction herein allowed in the case of claims against the estate, * * * or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth." U. S.C. title 26. § 412, 26 U.S.C.A. § 412.

The Commissioner disallowed the deduction on the ground that Benz did not receive for the contract of guaranty adequate and full consideration in money or money's worth, as required by the statute. He insists that claims are not deductible unless the consideration for the contract on which they are founded was received *by the decedent.* There is a dictum to this effect in Latty v. Commissioner, 62 F.(2d) 952, 954 (C.C.A.6), but the facts in that case were fundamentally different from those here, and the contract on which the claimed deduction rested was uncommercial in character. In Glaser v. Commissioner, 69 F.(2d) 254, 257 (C.C.A.8), which is also relied on by the Commissioner, it was said that a contract on which a deduction could be based must be "a business transaction on the part of the decedent or a contract intended to augment his estate," etc. In Porter v. Commissioner, 60 F.(2d) 673, 675 (C. C.A.2), it was said that the section was not limited "to cases where the consideration passes to the testator; for example, a promise to pay for goods delivered to another might fall within it, if the testator has recourse over." In United States v. Mitchell (C.C.A.) 74 F.(2d) 571, in which the facts were very similar to those in the present case it was held that the claim was deductible; and in the very recent case Commissioner v. Bryn Mawr Trust Co.(C.C.A.) 87 F.(2d) 607, it was held that the statute did not require that the consideration for the contract on which the claim was based should be received by the decedent, disapproving the Commissioner's regulation that it must be so in order to make the claim deductible.

The statute is to be construed according to the natural and reasonable meaning of the words used, having in mind the purpose which it was designed to accomplish. The purpose of this section in the light of its legislative history [see United States v. Mitchell (C.C.A.) 74 F. (2d) 571] was to prevent deductions, under the guise of claims, of what were in reality gifts or testamentary distributions. There was no intention so far as appears of discriminating between bona fide claims against an estate, making some of them deductible and others not. We think the statute means that bona fide business contracts entered into upon adequate legal consideration give rise, if resulting in loss, to allowable deductions. The things which the statute was intended to disallow were colorable family contracts and similar undertakings made as a cloak to cover gifts. There are many kinds of business agreements in which the consideration does not move to the promissor, e. g., contracts of guaranty and of surety, endorsements of commercial paper, etc. There is no reason why claims of this character should be discriminated against, and nothing in the statute which requires that the consideration on which the claim rests should have been received by the decedent. As suggested in United States v. Mitchell, supra, if Congress had intended so to restrict the statute, there is every reason to believe it would have said so.

In the present case the guaranty which the decedent gave to Paine Webber & Co. was a purely commercial undertaking. The District Judge in effect so found. He also found: "The instant case presents no suggestion of an attempted testamentary disposition of property." It does not appear that Benz expected to lose by giving the guaranty; as has been said, the Doris Company was at first successful. Benz had a right of recourse against the corporation but it is not suggested that there were assets of the corporation available in reduction of the amount paid under the guaranty. It is argued for the Commissioner that the decedent's wife and daughter who received his estate were owners of the Doris Company, and that therefore his guaranty amounted to a gift to them. But the Doris Company was an independent entity. It does not appear that the beneficiaries under the decedent's will were obligated on its contracts, still less that in making the guaranty Benz intended to make or in fact made any gift to them.

The judgment of the District Court is affirmed, with costs.