## COMMISSIONER OF INTERNAL REVE-
## NUE v. WEISER.
### No. 2003.

Circuit Court of Appeals, Tenth Circuit.

June 29, 1940.

L. W. Post, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for petitioner.

Dan H. Hughes, of Montrose, Colo., for respondent.

Before PHILLIPS and WILLIAMS, Circuit Judges, and MURRAH, District Judge.

PHILLIPS, Circuit Judge.

William T. Fitzpatrick, now deceased, and Eva M. Fitzpatrick were husband and wife. Two daughters were born the issue of their marriage, Elizabeth Blanche and Katherine Eva. Marital difficulties arose and on March 20, 1925, the Fitzpatricks entered into a separation agreement. The agreement recited that they had permanently separated and that Fitzpatrick had conveyed to Mrs. Fitzpatrick certain lots and a residence thereon situate in Montrose, Colorado, for the purpose of providing a home for her and the children. It provided that in consideration of the duty of Fitzpatrick to make provision for the sustenance and maintenance of Mrs. Fitzpatrick and the children in the future, Fitzpatrick would pay to Mrs. Fitzpatrick the sum of $300 per month for the support of herself and the minor children until the youngest of said children should arrive at her majority. It further provided that in the event of the remarriage of Mrs. Fitzpatrick, Fitzpatrick should pay the sum of $150 per month for the support and maintenance of the children until the youngest child should arrive at her majority.

It further provided that Mrs. Fitzpatrick should properly care for, maintain, and pay for the upkeep of such residence and the taxes thereon; that she should have the care and custody of the children during their minority, and that she should properly care for, maintain, and educate the children with the money to, be paid monthly by Fitzpatrick and from her own funds.

At the time the separation agreement was entered into the ages of the children were, Elizabeth Blanche 17 months and Katherine Eva 8 years.

Fitzpatrick died August 14, 1933, leaving a last will and testament. William Weiser

is the duly appointed, qualified, and acting executor thereof. The probate court allowed claims against the executor based on the separation agreement and ordered the payments of $13,350, at the rate of $150 per month, to Mrs. Fitzpatrick, as guardian of the two minor children, and $28,000 to her individually. $22,183.35 of the moneys due Mrs. Fitzpatrick individually has been paid, and $2,150 of the moneys due the two minor children has been paid. The balance due the minors is being paid at the rate of $150 per month.

In the estate tax return the executor claimed a deduction of the $41,350 allowed as a claim against the estate. The Commissioner denied the deduction on the ground that it had not been shown that the obligation was incurred for a full and adequate consideration in money or money's worth, and proposed a deficiency of $1,527.-56 in estate tax. On appeal to the Board of Tax Appeals, the Board held that the $28,-000 claim allowed to Mrs. Fitzpatrick was not deductible by reason of the provisions of § 303(d) of the Revenue Act of 1926, as amended by § 804 of the Revenue Act of 1932, 47 Stat. 169, 280, 26 U.S.C.A. Int.Rev.Code, §§ 812(b), 862.[1]

With respect to the claim in behalf of the children, the Board found that the contract was entered into in good faith and for a full and adequate consideration in money or money's worth and concluded that it was a proper deduction. It ordered a deficiency in the sum of $796.74. This is a petition to review the order of the Board.

■ Fitzpatrick owed a duty to the children to support them during minority. In consideration of that obligation and the promise next adverted to, on the part of Mrs. Fitzpatrick, he agreed to pay Mrs. Fitzpatrick for the benefit of the children $150 per month until the youngest arrived at her majority. In consideration of the agreement of Fitzpatrick, Mrs. Fitzpatrick for the benefit of the children, promised to maintain a home for them and to properly care for, maintain, and educate each child until she arrived at her majority. The mutual promises of Fitzpatrick and Mrs. Fitzpatrick were given for the benefit of the children. The separation agreement in so far as it dealt with those mutual obligations, was a valid and enforcible contract made for third persons beneficiary.[2]

■ When consideration is given to the financial worth of Fitzpatrick and the station in life of the. two children, as reflected by the record, the provision of $150 per month for the care, maintenance, and education of the two children was neither excessive nor unreasonable, and the fulfillment of the promise of Mrs. Fitzpatrick to provide a home and to properly care for, maintain, and educate each child until she arrived at her majority constituted an adequate and full consideration in money's worth for such payments. To make the claim deductible, it is not essential that the consideration for the decedent's promise should have passed to him.[3]

■ The contract in so far as it provided for the payments to the two children for their care, maintenance, and education was not a relinquishment or promised relinquishment of a marital right in Fitzpatrick's property. The duty of Fitzpatrick to support the children arose not out of the relation of husband and wife, but out of the relation of parent and child, and was not a marital right in the decedent's estate within the meaning of § 804, Revenue Act of 1932, 47 Stat. 169, 280, 26 U.S.C.A.Int.Rev.Code, § 812(b).[4]

The claim for the benefit of the children, being founded upon a valid and enforcible agreement and having been contracted in

---

[1] See Sheets v. Commissioner, 8 Cir., 95 F.2d 727, 729; Empire Trust Co. v. Commissioner, 4 Cir., 94 F.2d 307, 310; Meyer's Estate v. Commissioner, 2 Cir., 110 F.2d 367, 368, 369.

[2] See Lawrence Nat. Bank v. Rice, 10 Cir., 82 F.2d 28, 34, 35; Lehow v. Simonton, 3 Colo. 346, 348; Green v. Richardson, 4 Colo. 584, 586; Green v. Morrison, 5 Colo. 18, 20; Haldane v. Potter, 94 Colo. 558, 31 P.2d 709, 710; Gates v. Hepp, 95 Colo. 285, 35 P.2d 857, 860; W. T. Rawleigh Co. v. Dickneite, 99 Colo. 276, 61 P.2d 1028, 1029; Williston on Contracts, Rev.Ed., Vol. 2, §§ 347, 356, 370.

[3] Commissioner v. Kelly's Estate, 7 Cir., 84 F.2d 958, 964; United States v. Mitchell, 7 Cir., 74 F.2d 571, 574; Commissioner v. Porter, 2 Cir., 92 F.2d 426, 427; Taft v. Commissioner, 6 Cir., 92 F.2d 667, 670; Carney v. Benz, 1 Cir., 90 F.2d 747, 749, 113 A.L.R. 365; Commissioner v. Bryn Mawr Trust Co., 3 Cir., 87 F.2d 607, 610, 611; Helvering v. Safe Deposit & Trust Co. of Baltimore, 4 Cir., 95 F.2d 806, 812, 813.

[4] Helvering v. United States Trust Co., 2 Cir., 111 F.2d 576, 578.

good faith and for an adequate and full consideration in money's worth, was deductible. See Commissioner v. Kelly's Estate, 7 Cir., 84 F.2d 958, 964.

Affirmed.